[No. 18419.   Department One.   May 13, 1924.]

JACUZZI BROTHERS, INCORPORATED, *Respondent*, v.
BOEING AIRPLANE COMPANY, *Appellant*.[1]

CONTRACTS (149, 154) — PERFORMANCE OR BREACH — DEFECTS IN
SPECIFICATIONS OR PLANS—BREACH BY REFUSAL TO ACCEPT.   A sub-
contract for the construction of airplane propellers according to
government specifications, and calling for government inspection,
which provided that the subcontractor is responsible only for com-
pliance with specifications and proper workmanship and material
and guarantees no performance in flight, entitles him to pay for
propellers accepted by the government inspectors, as in compliance
with the specifications, although they were afterwards wrongfully
rejected by the government because of inefficient performance.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered July 10, 1923, upon
findings in favor of the plaintiff, in an action on con-
tract, tried to the court.   Affirmed.

*Donworth, Todd & Higgins,* for appellant.

*Tucker, Hyland & Elvidge (Mary H. Alvord,* of
counsel), for respondent.

PARKER, J.—The plaintiff, Jacuzzi Brothers, Incor-
porated, seeks recovery of a balance claimed to be due
it from the defendant, Boeing Airplane Company, for
the construction of a number of airplane propellers
according to specifications made part of a contract for
such construction entered into between them.   The de-
fendant answered, denying construction according to
specifications, and counterclaimed for a payment made
in advance by it to the plaintiff.   A trial upon the
merits in the superior court for King county, sitting
without a jury, resulted in findings and judgment
awarding to plaintiff recovery as prayed for, from
which the defendant has appealed to this court.

[1]Reported in 225 Pac. 431.

Appellant had a contract to construct and assemble at its plant in Seattle, for the United States, twenty armored airplanes of a new and very heavy design, known as "Type G. A. X." Respondent contracted with appellant to construct the propellers for these airplanes according to government specifications therefor, subject to government inspection; which specifications were in effect a part of appellant's contract with the United States. While that contract called for construction according to specifications and for inspection by the government's duly constituted agents as the work progressed and until completed, to the end that the specifications be complied with, it also contained this provision:

"It is agreed, however, that the contractor is responsible only for compliance with specification requirements and for proper workmanship and material, and guarantees no performances in flight."

This, of course, is of consequence here with reference only to the construction of the propellers. The evidence warrants us in concluding that, in so far as the propellers were contemplated being used to propel this new type of heavy armored airplanes, they were in a considerable measure experimental. The evidence seems to warrant the conclusion that the propellers were constructed by respondent, at least substantially, according to the specifications. The trial judge, however, did not make a definite finding in terms upon that question, though we think it is inferable from his observations that he was of that opinion. He did, however, find in substance that the duly constituted agents of the government accepted the propellers as having been constructed in compliance with the specifications, and thereafter rejected the propellers because of their failure of efficient performance of the service they

were put to in propelling this new type of heavy armored airplane.

We have painstakingly read all of the evidence, as abstracted by counsel for appellant, and feel convinced that we would not be at all warranted in disturbing the conclusions reached by the trial court. We think it hardly needs argument or citation of authority to demonstrate that if the authorized agents of the government accepted the propellers as having been constructed according to specifications, the propellers could not thereafter be rejected because of failure of efficient performance, which we agree with the trial court the evidence shows was the real reason of their rejection by the government's agents. Of course, respondent was not dealing with the United States, but appellant's final rejection of the propellers was but an adoption of the wrongful rejection of them by the agents of the United States, and hence such rejection and the refusal to pay for them according to the contract with respondent was a violation of respondent's rights under its contract with appellant. In its last analysis, there is really nothing involved in this case other than questions of fact. To here review the evidence in detail would be but to repeat largely what was said by the trial judge in his decision of the case, in which are embodied his findings of fact, and would be of no value embodied in our published reports.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.